UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN K.; and N.K.,<br><br>Plaintiffs,<br><br>v.<br><br>BLUECROSS BLUESHIELD of NORTH CAROLINA; RAI EMPLOYEE BENEFITS COMMITTEE REYNOLDS AMERICAN INC.; and the REYNOLDS AMERICAN OMNIBUS WELFARE BENEFITS PLAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**<br>**(DOC. NO. 2)**<br><br>Case No. 1:25-cv-00028<br><br>Magistrate Judge Daphne A. Oberg |

N.K. and his father, Stephen K., brought this action alleging Defendants violated the Employee Retirement Income Security Act of 1974[1] ("ERISA") by denying insurance coverage for care N.K. received as a minor.[2] Plaintiffs filed this case using only initials and a partial name, and they move for leave to proceed anonymously (under initials).[3] Defendants have not yet appeared. Because this case involves N.K.'s highly sensitive and personal health information, Plaintiffs' motion is granted. Any party who objects to Plaintiffs proceeding under initials may file a motion to reconsider this issue within fourteen days of the party's appearance in this case.

---

[1] 29 U.S.C. §§ 1001 et seq.

[2] (*See* Compl., Doc. No. 1.)

[3] (*See* Pls.' Mot. for Leave to Proceed Anonymously, Doc. No. 2.)

1

## LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."[4]  "Absent permission by the district court to proceed anonymously, . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[5]  However, Rule 5.2 of the Federal Rules of Civil Procedure provides that minors may be named using initials unless the court orders otherwise.[6]  Additionally, a party may proceed anonymously in "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity."[7]  In deciding whether to permit anonymity, courts exercise discretion in weighing these privacy interests against the public's interest in access to legal proceedings.[8]

## ANALYSIS

Where this case involves highly sensitive and personal health information, the motion is granted.  Plaintiffs' complaint contains sensitive details about N.K.'s personal

---

[4] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a) (requiring an action to "be prosecuted in the name of the real party in interest").

[5] *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[6] Fed. R. Civ. P. 5.2(a)(3).

[7] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[8] *See id.*

circumstances and the serious mental health issues he confronted as a minor.[9] Because this information is "of a highly sensitive and personal nature," N.K. has a strong interest in the protection of his identity.[10] Moreover, this case relates to care N.K. received as a child.[11] Additionally, Stephen K.'s anonymity is warranted where disclosure of his full name would reveal N.K.'s identity.[12]

Further, public interest in the identities of the parties in this proceeding appears limited. This case does not involve the sorts of important public issues giving rise to common interest—such as cases "attacking the constitutionality of popularly enacted legislation."[13] Instead, this case involves private individuals challenging the denial of insurance benefits for care received by a minor. Any public interest in this case is limited (at least at this time) to the precedential or persuasive value of the rulings in the case. The use of pseudonyms does not diminish this value.

---

[9] (*See generally* Compl., Doc. No. 1.)

[10] *Femedeer*, 227 F.3d at 1246 (quoting *Frank*, 951 F.2d at 324).

[11] See *Tony M. v. United Healthcare Ins.*, No. 2:19-cv-00165, 2025 U.S. Dist. LEXIS 18132, at *4 (D. Utah Jan. 31, 2025) (unpublished) (permitting ERISA plaintiff to proceed pseudonymously where the case related to medical care the plaintiff received as a minor); *Doe v. USD No. 237*, No. 16-cv-2801, 2017 U.S. Dist. LEXIS 142435, at *31 (D. Kan. Sept. 1, 2017) (unpublished) ("The fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis [of whether the plaintiff could proceed pseudonymously].").

[12] See *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042, 2018 U.S. Dist. LEXIS 116054, at *4 (D. Kan. July 12, 2018) (unpublished) (noting a child "and his parents share common privacy interests based on their inseparable relationship," because disclosure of a parent's identity would effectively disclose the child's identity).

[13] See *Femedeer*, 227 F.3d at 1246.

3

## CONCLUSION

Where this case implicates matters of a highly sensitive and personal nature regarding care received by a minor, the motion[14] is granted. Plaintiffs may proceed pseudonymously in this action. Within fourteen days of this order, Plaintiffs shall file, under seal: a notice containing the full legal name of N.K. and his father, Stephen K.[15] That filing shall remain under seal unless otherwise ordered. Plaintiffs shall also provide this notice to Defendants. Any party who objects to Plaintiffs proceeding under initials may file a motion to reconsider this issue within fourteen days of the party's appearance in this case.

DATED this 11th day of March, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[14] (Doc. No. 2.)

[15] *See W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("If a court grants permission [to proceed pseudonymously], it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." (citing *Nat'l Commodity & Barter Ass'n*, 886 F.2d at 1245)).